PER CURIAM.
LaTroy Bouknight appeals the trial court’s denial of postconviction relief under rule 3.850, Florida Rules of Criminal Procedure upon its rejection of Bouknight’s claims of ineffective assistance of counsel.
On the first issue, Bouknight claimed that defense counsel was ineffective for failing to renew the motion for change of venue. No evidentiary hearing was held on this point, but the trial court made detailed references to the record and attached to its order portions of the record refuting Bouknight’s allegations that pretrial publicity had made it impossible to seat an unbiased jury. Jurors who indicated any awareness of pre-trial publicity were individually interviewed by counsel and the jurors selected for the case each stated that they had no preconceived opinions of the defendant’s guilt or innocence and would try the case based only on the evidence presented to them. The trial court correctly relied on Dillbeck v. State, 964 So.2d 95 (Fla.2007) in ruling that counsel is not ineffective for failing to move for a change of venue when the jury is selected without undue difficulties.
An evidentiary hearing was conducted to consider the other two grounds upon which Bouknight alleged that defense counsel had been ineffective. Accordingly, the trial court’s factual findings — that the absence of a request for a jury instruction on alibis and counsel’s cross-examination of a witness for the state regarding the defendant’s warrant for a separate crime were trial strategies — are not disturbed on appeal. The trial court’s order on these points made detailed findings, contained numerous references to the record in support, with copies attached as Exhibits, and recited the applicable case law relied upon.
Because Appellant has not shown any error in the trial court’s order, the order on appeal is AFFIRMED.
DAVIS, CLARK, and ROWE, JJ., concur.